**In re The TEXAS SENATE and The Honorable Rodney Ellis, Relators.**

No. 00–1321.

Supreme Court of Texas.

Dec. 28, 2000.

John Cornyn, Atty. Gen. of the State of Texas, Gregory S. Coleman, Office of Atty. Gen., Andrew M. Taylor, Bracewell & Patterson, Jeffrey S. Boyd, Office of Atty. Gen., Austin, relators.

Jennifer S. Riggs, Randall D. Terrell, Hill Gilstrap Adams & Graham, Joseph Robert Larsen, Ogden Gibson White & Brooks, Houston, Mark J. Cannan, Clemens & Spencer, San Antonio, for respondent.

JUSTICE HECHT delivered the opinion of a unanimous Court.

Yesterday, five newspapers and a magazine[1] sued the Texas Senate and the Honorable Rodney Ellis, president *pro tempore* of the Senate, contending that the Senate is prohibited by the Texas Open Meetings Act[2] from electing one of its members to perform the duties of Lieutenant Governor except by *viva voce* vote in open session. The office of Lieutenant Governor became vacant on December 21, 2000, when its holder, the Honorable Rick Perry, was sworn in as Governor,[3] following the resignation of the Honorable George W. Bush, President Elect of the United States. The defendants have stipulated that the election of a Senator to perform the duties of Lieutenant Governor is to be by secret ballot of the Committee of the Whole Senate at a meeting scheduled for today at 1:30 p.m. After a nonevidentiary hearing, the district court issued a writ of mandamus prohibiting the election by secret ballot. Relators filed a petition for mandamus with the court of

---

1. The real parties in interest, the plaintiffs in the trial court, are the *Austin American–Statesman,* the *Bryan–College Station Eagle,* the *Houston Chronicle,* the *San Antonio Express–News, Texas Monthly,* and the *Waco Tribune–Herald.*

2. Tex.Gov't Code §§ 551.001–.146. All statutory references are to the Texas Government Code.

3. Tex. Const. art. XVI, § 40.

appeals, requesting that the district court's order be vacated. The court of appeals denied the relators' petition.

Section 551.003 "prohibit[s] secret meetings of the legislature, committees of the legislature, and other bodies associated with the legislature, except as specifically provided in the constitution." [4] This provision clearly covers the Committee of the Whole Senate. Thus, its meeting and votes cannot be secret "except as specifically provided" by the Texas Constitution.

Article III, section 41 of the Texas Constitution states: "In all elections by the Senate and House of Representatives, jointly or separately, the vote shall be given viva voce, *except in the election of their officers.*" (Emphasis added.) This provision authorizes the Senate to elect its officers by secret ballot, should it choose to do so.[5] This specific provision is therefore an exception to section 551.003. The question, then, is whether the election of a Senator to perform the duties of the office of Lieutenant Governor is an election of a Senate officer within the meaning of article III, section 41.

The person to be elected will be the presiding officer of the Senate,[6] but he will also be performing the duties of a State official in the Executive Department of the government with duties beyond those as a Senate officer.[7] The real parties in interest concede as they must that the person to be elected will be in part a Senate officer, but they contend that his additional duties remove him from the category of Senate "officers" as that term is used in the Constitution. We disagree.

In the first place, the Constitution defines the Lieutenant Governor to be a Senate officer. Article IV, section 16 states: "The Lieutenant Governor, shall by virtue of his office, be President of the Senate, and shall have, when in Committee of the Whole, a right to debate and vote on all questions; and when the Senate is equally divided to give the casting vote." [8] Although section 16 also gives the Lieutenant Governor the powers and authority of Governor in specified circumstances, these do not detract from the express reference to the Lieutenant Governor as a Senate officer.

Moreover, article III, section 9 contemplates that the Lieutenant Governor is a Senate officer. Article III, section 9 requires that certain legislative officers be elected. Section 9(a) provides for the election of the president *pro tempore* of the Senate, who will perform the duties of the Lieutenant Governor in certain circumstances. Section 9(a) also provides that in the event the office of Lieutenant Governor becomes vacant, the Committee of the Whole Senate "shall elect one of its members to perform the duties of the Lieutenant Governor in addition to the member's duties as Senator until the next general election." Section 9(b) requires the House of Representatives to elect a Speaker. Section 9(c) then states: "Each House shall choose its *other* officers." (Emphasis added.) Reading these provisions together, section 9 clearly contemplates that the member of the Senate elected to perform the duties of the office of Lieutenant Governor is an "officer" of the Senate. We see no reason to read the word "officer" differently in article III, section 41.

Section 41 clearly gives each House of the Legislature the authority to elect its

---

**4.** Tex.Gov't Code § 551.003. *See also* Tex.Gov't Code § 551.102.

**5.** *See also* Tex. Const. art. III, § 11 (authorizing each House of the Legislature to determine the rules of its own proceedings).

**6.** *See* Tex. Const. art. III, § 9; art. IV, § 16.

**7.** Tex. Const. art. IV, §§ 16–17.

**8.** There are two provisions in article IV labeled section 16, both proposed by the 76th Legislature and ratified by the people in November 1999. *See* Tex. H.R.J. Res. 44, 76th Leg., R.S. (1999); Tex. H.R.J. Res. 62, 76th Leg., R.S. (1999). The two provisions are different in some respects, but the language quoted here is essentially the same in both.

officers by means other than a *viva voce* vote. The Senator elected to perform the duties of Lieutenant Governor is, by the plain language of the Constitution, a Senate officer. Indeed, he remains a member of the Senate. If the framers and ratifiers intended that the exception clause in section 41 apply to Senate officers except those whose duties could extend beyond the Senate—the Lieutenant Governor and president *pro tempore*—then they could easily have said so. We decline to make exceptions for these officers ourselves.

The parties have argued policy reasons for and against an election by secret ballot. These arguments are not for us to consider; the Constitution, by allowing but not requiring a secret ballot, commits that choice to the Senate.

Article IV, section 3 of the Constitution provides for the election of certain executive officers by the Legislature in the event of a tie in the popular vote. We express no opinion whether that vote could be by secret ballot if the tie was in the election for Lieutenant Governor.

Accordingly, without hearing oral argument, the Court directs the district court to vacate *instanter* its order issued December 27, 2000, in Cause No. GN–00–3659, and to notify the Clerk of this Court by 1:30 p.m. today that it has done so. We are confident that the district court will comply. If it does not, the Clerk shall issue a writ of mandamus immediately thereafter.